UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                        ) | CRIMINAL NO. 05-10002-RCL |
| ) | |
| VANDERLY PEREIRA           ) | |

JOINT MOTION TO PROCEED TO SENTENCING
IMMEDIATELY WITHOUT AWAITING A PRESENTENCE REPORT

Defendant Vanderly Pereira is charged in four counts with two counts of transfer of false identification documents and two counts of fraud and misuse of documents. The allegations, in sum, are that Mr. Pereira on two separate dates (October 12, 2004 and November 9, 2004) sold to an undercover agent a total of three sets of false documents, each set including a false social security card and a false alien registration card.

The guidelines for the offenses is found at USSG § 2L2.1, which sets a total offense level of 11. With a reduction of 2 points for acceptance of responsibility, the guideline is 9. Defendant has no prior criminal history. Thus, the guideline is 4-10 months.

Defendant has been in custody since November 19, 2004. He is a Brazilian native, born May 5, 1971, who graduated high school in Brazil. He entered the United States in 1998, living in Brighton. He has three children with his significant other, Dora Pereira who lives with the children, ages 8,10, and 11, in Brazil. Since coming to the United States, Mr. Pereira has worked at Domino's Pizza for a time, at Foreign Auto Parts (for

about 1 year) about 2 years ago, and as a mechanic for Customer Garage in Watertown.

Both parties recommend that the Court proceed to sentencing immediately without awaiting a presentence report. The reason is that the sentence jointly urged by the parties is four months, a sentence already served by defendant. Since defendant is subject to an immigration detainer and is not likely to be supervised in the United States, there is no compelling reason for a presentence report.

Fed. R. Crim. P. 32(c) affords the Court the opportunity to proceed to sentencing without a presentence report. The rule in pertinent part provides as follows:

> The probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless:
>
> . . . .
>
> (ii) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains this finding on the record.

Counsel respectfully submit that the Court has sufficient information in the record to "enable[] it to meaningfully exercise its authority ...."

Both parties submit that, under the circumstances of this

case, there is sufficient information to satisfy § 3553.

| | |
|---|---|
| Michael Sullivan<br>United States Attorney<br><br>By: _____<br>William Connolly<br>Assistant U.S. Attorney | VANDERLY PEREIRA<br>By his attorney,<br><br>_____<br>Charles P. McGinty<br>B.B.O. #333480<br>Federal Defender Office<br>408 Atlantic Avenue, 3rd Floor<br>Boston, MA  02210<br>Tel: 617-223-8061 |