# UNITED STATES DISTRICT COURT
**District of Massachusetts**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**V.**<br>VANDERLY PEREIRA | **STATEMENT OF REASONS**<br><br>Case Number: **1: 05 CR 10002 - 001 - RCL**<br>Charles McGinty, Esq.<br>Defendant's Attorney |

☐ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐ The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

Court dispensed with requirement of pre-sentence investigation in view of the presentation by the parties of sufficient information to allow the court meaningfully to exercise its sentencing authority. (See attached joint motion)

☐ See Continuation Page

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 9 |
| Criminal History Category: | I |
| Imprisonment Range: | 4 to 10 months |
| Supervised Release Range: | to years |
| Fine Range: | $ to $ |

| | |
|---|---|
| Defendant's Soc. Sec. No.: 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 | 03/29/05<br>Date of Imposition of Judgment |
| Defendant's Date of Birth: 00-00-1971 | |
| Defendant's USM No.: 25431-038 | |
| | Signature of Judicial Officer |
| Defendant's Residence Address: | /s/The Honorable Reginald C. Lindsay<br>Judge, U.S. District Court<br>Name and Title of Judicial Officer |
| | 3/31/05<br>Date |
| Defendant's Mailing Address: | |

DEFENDANT: VANDERLY PEREIRA  
CASE NUMBER: **1: 05 CR 10002 - 001 - RCL**

Statement of Reasons - Page 2 of 4

## STATEMENT OF REASONS

[X] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

[ ] Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

Statement of Reasons - Page 3 of 4

DEFENDANT: VANDERLY PEREIRA
CASE NUMBER: 1: 05 CR 10002 - 001 - RCL

# STATEMENT OF REASONS

[x] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

**OR**

[ ] The sentence departs from the guideline range:

[ ] upon motion of the government, as a result of a defendant's substantial assistance, or

[ ] for the following specific reason(s):

[ ] See Continuation Page

Statemennt of Reasons - Page __4__ of __4__

DEFENDANT:      VANDERLY PEREIRA
CASE NUMBER:    1:  05 CR 10002   - 001 - RCL

# ADDITIONAL FINDINGS AND GUIDELINES APPLICATIONS EXCEPTION

# ADDITIONAL REASONS FOR DEPARTURE FROM THE GUIDELINE RANGE

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-10002-RCL |
| ) | |
| VANDERLY PEREIRA ) | |

JOINT MOTION TO PROCEED TO SENTENCING
IMMEDIATELY WITHOUT AWAITING A PRESENTENCE REPORT

Defendant Vanderly Pereira is charged in four counts with two counts of transfer of false identification documents and two counts of fraud and misuse of documents. The allegations, in sum, are that Mr. Pereira on two separate dates (October 12, 2004 and November 9, 2004) sold to an undercover agent a total of three sets of false documents, each set including a false social security card and a false alien registration card.

The guidelines for the offenses is found at USSG § 2L2.1, which sets a total offense level of 11. With a reduction of 2 points for acceptance of responsibility, the guideline is 9. Defendant has no prior criminal history. Thus, the guideline is 4-10 months.

Defendant has been in custody since November 19, 2004. He is a Brazilian native, born May 5, 1971, who graduated high school in Brazil. He entered the United States in 1998, living in Brighton. He has three children with his significant other, Dora Pereira who lives with the children, ages 8,10, and 11, in Brazil. Since coming to the United States, Mr. Pereira has worked at Domino's Pizza for a time, at Foreign Auto Parts (for

about 1 year) about 2 years ago, and as a mechanic for Customer Garage in Watertown.

Both parties recommend that the Court proceed to sentencing immediately without awaiting a presentence report. The reason is that the sentence jointly urged by the parties is four months, a sentence already served by defendant. Since defendant is subject to an immigration detainer and is not likely to be supervised in the United States, there is no compelling reason for a presentence report.

Fed. R. Crim. P. 32(c) affords the Court the opportunity to proceed to sentencing without a presentence report. The rule in pertinent part provides as follows:

> The probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless:
>
> . . . .
>
> (ii) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains this finding on the record.

Counsel respectfully submit that the Court has sufficient information in the record to "enable[] it to meaningfully exercise its authority ...."

Both parties submit that, under the circumstances of this

case, there is sufficient information to satisfy § 3553.

| | |
|---|---|
| Michael Sullivan<br>United States Attorney<br><br>By: _____<br>William Connolly<br>Assistant U.S. Attorney | VANDERLY PEREIRA<br>By his attorney,<br><br>_____<br>Charles P. McGinty<br>B.B.O. #333480<br>Federal Defender Office<br>408 Atlantic Avenue, 3rd Floor<br>Boston, MA  02210<br>Tel: 617-223-8061 |